### In re ZIEGLER'S WILL.

### In re CHADIL et al.

**(Supreme Court, General Term, Second Department.    July 22, 1892.)**

WILLS—COMPETENCY OF TESTATOR—EVIDENCE.

> Testator made a will in favor of his adopted daughters, and in a contest thereof by F., a person claiming to be his son, the principal fact relied on to show testator's incompetency was a declaration by him that he had no son.    Testator was a man of good judgment, and sane in all other respects, and said when he executed his will that he had heard F. had threatened to make trouble after his death, and that he was not his (testator's) son.    *Held,* in view also of the consistency of testator's acknowledgment of F. as a son on other occasions with the theory of the adoption of F. as a son, that such declaration was insufficient to show a delusion on the part of the testator.

Appeal from surrogate's court, Queens county.

Proceeding by Anna Chadil and others for the probate of the will of Christian Ziegler, deceased.    Probate was resisted by Francis C. Ziegler, and from an order admitting the will to probate he appeals.    Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*Ernest Hall,* for appellant.    *E. B. & W. J. Amend,* (*E. I. Spink* and *R. M. Martin,* of counsel,) for respondents.

BARNARD, P. J.    Christian Ziegler died in September, 1889, in Queens county.    He made a will in May, 1889, which was admitted to probate by the surrogate of Queens county, and this appeal is brought from the order sustaining the will.    The testator left the bulk of his property to three nieces of

his wife, who had been brought up and treated as adopted daughters by him. The deceased left a son, his only child and heir at law, to whom he gave nothing by the will. The proponents make an issue as to the fact whether this son was in fact the son of testator, or had been taken from a charitable institute in infancy. The testator's will does not depend upon this question, but upon his being of sound mind and memory, and free from restraint, when he executed the paper. Judged by the rules applicable to wills, the papers prepared were executed by the deceased in the presence of three witnesses, and there is not the slightest reason to doubt the execution of the will according to legal form, and by a person capable of making a will. The history of the life of deceased, as given by the testimony, does not show any support to a charge of incapacity, other than is implied from the evidence given tending to show that testator said he had no son. The testator had made a will in favor of the proponents in 1883, and he then called them his children. The present will was only made to sever certain portions of the real estate, so that each child should hold in severalty. The case is a very strong one to establish that the contestant, Francis C. Ziegler, was not the real son of the testator, but was adopted. The proof of the acknowledgment of him as a son is entirely consistent with his being an adopted child. The declaration of the testator at the first will that the nieces were called his children, and at the execution of the last will that he had heard that Frank had threatened to make trouble after the testator's death, and that he was not related to him in any way, are conclusive to me that Frank C. Ziegler was an adopted son. The testator was a man of good judgment, and his life was so sane in all other respects that it would be a violent conclusion, in view of the evidence in the case, that he was ignorant or deluded as to the fact of his having a son. The testator was capable of making a will, and the order should be affirmed, with costs.